IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SNF HOLDING COMPANY, ET AL.,<br><br>Defendants. | Civil Action No.: 4:14-cv-02733<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS SNF HOLDING COMPANY, FLOPAM INC.,
CHEMTALL INCORPORATED, AND SNF SAS'S
ANSWER TO BASF CORPORATION'S COMPLAINT**

Defendants SNF Holding Company ("SNF Holding"), Flopam Inc. ("Flopam"), Chemtall Incorporated ("Chemtall"), and SNF SAS ("SNF France") (collectively "Defendants") hereby answer the Complaint of Plaintiff BASF Corporation ("Plaintiff") as follows:

**INTRODUCTION**

1. Defendants are without sufficient information to admit or deny the allegations of paragraph 1, and on that basis, Defendants deny all allegations therein.

2. Defendants admit that U.S. Patent No. 5,633,329 ("the '329 patent") is the patent-in-suit and thus relevant to the present lawsuit, but deny that the '329 patent protects an important innovation for more efficiently manufacturing polymers, such as polyacrylamide, using a reactor with a conical taper. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 2, and on that basis, deny the same.

1

3. Defendants admit that polyacrylamides are used in applications including water treatment, mining, agriculture, and oil/gas recovery. Defendants also admit that polyacrylamides have a wide range of applications in the oil and gas industry ranging from drilling muds to enhanced oil recovery (EOR) operations. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 3, and on that basis, deny the same.

4. Defendants admit that Flopam opened a manufacturing facility in Plaquemine, Louisiana, but deny that it was first opened in 2013. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 4, and on that basis, deny the same.

5. Defendants deny the allegations of paragraph 5 as phrased.

6. Defendants deny the allegations of paragraph 6 as phrased.

7. Defendants admit that Chemtall, Flopam and SNF France manufacture polymer products in Riceboro, Georgia, Plaquemine, Louisiana and Andrezieux, France, respectively. Defendants also admit that BASF brought this lawsuit claiming that Defendants' manufacturing process is unauthorized. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 7, and on that basis, deny the same.

## **THE PARTIES**

8. Defendants are without sufficient information to admit or deny the allegations of paragraph 8, and on that basis, deny all allegations therein.

9. SNF Holding denies the allegations of paragraph 9 to the extent it alleges or implies that SNF Holding is a manufacturer of water-soluble polymers. SNF Holding is a holding company that owns subsidiaries which manufacture polymers but SNF Holding does not manufacture polymers itself. SNF Holding admits the remaining allegations of paragraph 9.

10. Flopam admits that it is a corporation organized under the laws of Delaware with a place of business in Plaquemine, Louisiana. Flopam admits that it is authorized to do business in Texas and has appointed National Registered Agents, Inc. as its agent for service of process. Flopam also admits that it is a wholly owned subsidiary of SNF Holding Company. Flopam denies the remaining allegations of paragraph 10.

11. Chemtall admits the allegations of paragraph 11.

12. SNF France admits the allegations of paragraph 12.

13. Defendants are without sufficient information to admit or deny the allegations of paragraph 13, and on that basis, deny all allegations therein.[1]

## JURISDICTION AND VENUE

14. Defendants admit that Plaintiff purports to state a civil claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.* Defendants admit that this Court has subject matter jurisdiction over claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15. Defendants deny the allegations made in paragraph 15.

16. Defendants deny the allegations made in paragraph 16.

## PATENT INFRINGEMENT

17. Defendants incorporate by reference, as fully set forth herein, its responses to paragraphs 1-16 as if fully stated herein.

---

[1] SNF (China) Flocculant Co., Ltd. ("SNF China"), the final named defendant in this case, has yet to be served in this case, and thus is not responding to Plaintiff's Complaint herein. If served, SNF China will respond to Plaintiff's Complaint at that time.

18. Defendants admit that the '329 patent is entitled "Preparation of High Molecular Weight Polymers," and appears to have been issued on May 27, 1997 and is attached as Exhibit A to the Complaint. As to the remaining allegations of paragraph 18, Defendants are without sufficient information to admit or deny, and on that basis, Defendants deny the same.

19. Defendants admit that paragraph 19 appears to correctly recite claim 1 of the '329 patent. Defendants deny the remaining allegations made against them in paragraph 19.

20. Defendants SNF Holding, Chemtall and Flopam deny the allegations made against them in paragraph 20.

21. Defendant SNF France denies the allegations made against it in paragraph 21.

22. Defendant Chemtall denies the allegations made against it in paragraph 22.

23. Defendant SNF Holding denies the allegations made against it in paragraph 23.

24. Defendant SNF Holding admits that it gained knowledge of the '329 patent with the filing of Plaintiff's Complaint, but denies the remaining allegations made against it in paragraph 24.

25. Defendants deny the allegations made against them in paragraph 25.

26. Defendants deny the allegations made against them in paragraph 26.

27. Defendants admit that they gained knowledge of the '329 patent with the filing of Plaintiff's Complaint, but deny the remaining allegations made against them in paragraph 27.

28. Defendants deny the allegations made against them in paragraph 28.

## PRAYER FOR RELIEF

29. Defendants deny that Plaintiff is entitled to any of the relief sought in its prayer or any relief whatsoever.

**DEFENSES**

Defendants plead the following as affirmative and other defenses to the Complaint. In asserting such defenses, Defendants do not concede that they bear the burden of proof as to any of them. Discovery has yet to begin, and therefore Defendants have not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Defendants reserve the right to amend, modify or expand these defenses, including but not limited to those defenses revealed during discovery.

**First Defense – Failure to State a Claim**

30. Plaintiff fails to state a claim against Defendants upon which relief can be granted.

**Second Defense – Non-Infringement**

31. Defendants have not infringed, and do not currently infringe, directly or under the doctrine of equivalents, willfully, jointly, or otherwise, or contribute to the infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, the '329 patent.

**Third Defense – Invalidity**

32. The claims of the '329 patent are invalid because they fail to satisfy one or more of the requirements of patentability specified in 35 U.S.C. § 1, *et seq.*, including but not limited to, 35 U.S.C. §§ 102 and 103.

**Fourth Defense – Laches and Estoppel**

33. Plaintiff's attempted enforcement of the '329 patent against Defendants is barred by the doctrines of laches and/or estoppel. Plaintiff's affirmative misconduct includes Plaintiff unreasonably delaying the filing of this action or contacting Defendants with knowledge of

Defendants' alleged infringement and Plaintiff's own activities. To allow Plaintiff to bring this action now after its unreasonable delay would result in material prejudice to Defendants.

## Fifth Defense – Limitations of Damages

34. Plaintiff's claims for relief are barred, at least in part, by one or more of 35 U.S.C. §§ 286 and 287.

## Sixth Defense – Adequate Remedy at Law

35. Plaintiff is not entitled to any injunctive relief because given the '329 patent's expiration date any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## Seventh Defense – Improper Venue and Jurisdiction

36. This Court does not have personal jurisdiction over Defendants in this case and because of it venue is not proper in this Court. This Court is also not the most appropriate or convenient forum to exercise jurisdiction over this case.

## JURY DEMAND

37. Defendants hereby demand trial by jury on all issues.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request the following relief:

A. That Plaintiff's Complaint is dismissed with prejudice, and that Plaintiff takes nothing by way of its Complaint;

B. That Plaintiff is not entitled to any of its requested relief, or any relief whatsoever;

C. That Defendants be awarded their costs and disbursements in this action;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Defendants be awarded their reasonable attorneys' fees and costs in this action; and

E. That Defendants be granted such other and further relief as this Court deems just and proper.

Dated:  December 16, 2014					Respectfully submitted,

By:  */s/ Danny L. Williams*
Danny L. Williams, Attorney-in-Charge
Texas Bar No. 21518050
S.D. Texas Bar No. 406
WILLIAMS MORGAN P.C.
10333 Richmond Avenue, Suite 1100
Houston, TX 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
dwilliams@wmalaw.com

Charles W. Saber
James W. Brady, Jr.
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
saberc@dicksteinshapiro.com
bradyj@dicksteinshapiro.com

*Counsel for Defendants SNF Holding Company, Flopam Inc., Chemtall Inc., and SNF SAS*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 16th day of December, 2014.  Any other counsel of record will be served by first class mail.

*/s/ Donna E. Ward*
Litigation Paralegal