# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

**BASF Corporation**,

                Plaintiff,

    vs.

**SNF Holding Company,
Flopam Inc., Chemtall Inc., SNF SAS,
SNF (China) Flocculant Co., Ltd.**

                Defendants.

Case No.: 14-cv-02733

Jury Trial Demanded

## PLAINTIFF BASF CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

# TABLE OF CONTENTS

Page

I.    SUMMARY OF ARGUMENT ...........................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS ........................................2

III.  FACTUAL BACKGROUND ..........................................................................2

IV.  STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT ................2

V.   ARGUMENT ............................................................................................2

       A.    The Relevant Legal Standards Impose a Heavy Burden on Defendants to Show Transfer Is Clearly Warranted. ....................2

       B.    Defendants Fail to Meet the Threshold Requirement for Application of Section 1404(a). ...............................................4

       C.    The Private Interest Factors do Not Show that Georgia is Clearly More Convenient. ................................................7

             1.    The Relative Ease of Access to Documents Does Not Clearly Favor Georgia. .....................................7

                 a)    The Location of Documents and Other Materials Do Not Favor Georgia. .............................7

             2.    Neither the Availability of Compulsory Process Nor Witness Convenience Factors Favor Transfer. ..........9

             3.    All Other Practical Issues That Make Trial Easy, Expeditious, and Inexpensive Weigh Against Transfer. ..............11

                 a)    Defendants' Delay in Seeking Transfer Weighs Against Transfer. ..............................11

                 b)    This District Is More Experienced In Patent Litigation. ...............13

       D.    The Public Interest Factors do Not Show that Georgia is Clearly More Convenient. ................................................13

             1.    Administrative difficulties flowing from court congestion favor Texas. ...........................................13

             2.    This District's Local Interests Counsels Against Transfer. ........14

VI.  CONCLUSION.........................................................................................15

Page(s)

**Cases**

*In re Apple Inc.*,
    743 F.3d 1377 (Fed. Cir. 2014)................................................................8

*Casana Furniture Co. Ltd. v. Coaster Co. of Am.*,
    No. 08-cv-00774, 2009 WL 783399 (M.D.N.C. 2009) ..............................4

*Cobalt Boats, LLC v. Sea Ray Boats, Inc. & Brunswick Corp.*,
    No. 15-cv-00021 (E.D. Va. Apr. 16, 2015) ...............................................13

*Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*,
    No. 12-cv-00100, 2013 WL 682849 (E.D. Tex. Feb. 22, 2013)..................8

*Dupre v. Spanier Marine Corp.*,
    810 F. Supp. 823 (S.D. Tex. 1993) ..........................................................10

*EMG Tech., LLC v. Microsoft Corp.*,
    No. 09-cv-00367, 2010 WL 3835768 (E.D. Tex. Sept. 28, 2010)...........13

*Geotag, Inc. v. Frontier Communications Corp.*,
    No. 2:10-CV-265, slip op. at 12 n. 1 (E.D. Tex. Sept. 15, 2011) .............6

*Goodman Co., L.P. v. A & H Supply, Inc.*,
    396 F. Supp. 2d 766 (S.D. Tex. 2005) .......................................................3

*In re Google, Inc.*,
    412 Fed. App'x 295 (Fed. Cir. 2011)..........................................................9

*Guajardo v. Deanda*,
    690 F. Supp. 2d 539 (S.D. Tex. 2010) .......................................................7

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947)....................................................................................4

*Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*,
    844 F. Supp. 1163 (S.D. Tex. 1994) ..........................................................9

*Heinrichs v. Nova Biomedical Corp.*,
    No. 14-cv-00002, 2014 WL 2611825 (S.D. Tex. June 11, 2014).............6

*Hibbard v. Target Corp.*,
    No. 13-cv-00344, 2013 WL 4677831 (S.D. Tex. Aug. 30, 2013) ...........11

*Hoffman v. Blaski*,
363 U.S. 335 (1960)....................................................................................4, 6

*Invitrogen v. Gen. Elec. Co.*,
No. 08-cv-00113, 2009 WL 331889 (E.D. Tex. Feb. 9, 2009)...........................7, 14

*Konami Dig. Entm't Co. Ltd. v. Harmonix Music Sys.*,
No. 08-cv-00286, 2009 WL 781134 (E.D. Tex. Mar. 23, 2009) ...........................8

*Llizo v. City of Topeka, Kan.*,
844 F. Supp. 2d 1212 (D. Kan. 2012)....................................................................10

*Locked & Loaded Prods., Inc. v. Kinedyne Corp.*,
No. 10-cv-00484, slip op. (E.D. Tex. Aug. 10, 2011) ...........................................6

*N5 Techs., LLC v. Bank of Am., N.A.*,
No. 12-cv-00685, 2014 WL 558762 (E.D. Tex. Feb. 10, 2014)....................11, 13

*Network-1 Sec. Solutions, Inc. v. D-Link Corp.*,
433 F. Supp. 2d 795 (E.D. Tex. 2006)...................................................................14

*New Century Financial, Inc. v. Oledix Technologies, LLC*,
No. 13-cv-00391, 2013 WL 3245954 (S.D. Tex. June 25, 2013)...........................7

*Peteet v. Dow Chem. Co.*,
868 F.2d 1428 (5th Cir. 1989) ..............................................................................11

*Royal Purple, LLC v. Ward*,
No. 13-cv-03271, 2014 WL 527900 (S.D. Tex. Feb. 7, 2014)...........................9, 10

*Sarmiento v. Producer's Gine of Waterproof, Inc.*,
439 F. Supp. 2d 725 (S.D. Tex. 2006) ...................................................................7

*Summit 6 LLC v. HTC Corp.*,
No. 14-cv-00014, 2014 WL 4449821 (N.D. Tex. Sept. 10, 2014) ...........................9

*Unomedical A/S v. Smiths Med. MD, Inc.*,
No. 09-cv-04375, 2010 WL 2680144 (N.D. Ill. June 30, 2010)...........................14

*In re Volkswagen AG*,
317 F.3d 201 (5th Cir. 2004) ...............................................................................3, 4

*In re Volkswagen of America, Inc.*,
545 F.3d 304 (5th Cir. 2008) ...............................................................................3, 4

*In re Wyeth*,
406 Fed. App'x 475 (Fed. Cir. 2010).....................................................................11

**Statutes**

28 U.S.C. § 1404.................................................................................................................15

28 U.S.C. § 1404(a) ..................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 1................................................................................................................13

**Regulations**

General Order No. 2007-16 ...............................................................................................13

**Other Authorities**

U.S. Patent No. 5,633,329................................................................................................2, 9, 10

# I.    SUMMARY OF ARGUMENT

The Court should reject Defendants' Motion to Transfer this case to the Southern District of Georgia as nothing more than an attempt to substitute Defendants' preferred venue for this one. Because section 1404(a) demands much more, Defendants cannot meet their heavy burden to show that transfer is clearly warranted.

But the Court need not reach the interest factors to conclude that transfer is not justified in this case because Defendants have failed to meet section 1404(a)'s threshold hurdle for transfer—that this suit could have been brought in the Southern District of Georgia. Hoisted by their own petard, Defendants' deliberate insistence that neither Flopam nor SNF France have contacts with any forum outside of the ones in which they reside dooms their Motion. To avoid this issue, Defendants tell the Court that Flopam and SNF France will "consent" to Defendants favored forum. But "consent" to a new forum cannot cure Defendants' self-created jurisdictional deficiencies. Defendants' failure to meet the first requirement allows the Court to dispose of Defendants' Motion on this basis alone.

Even if the Court considered the various private and public interest factors, an analysis of them shows that no factor weighs in favor of transfer. In fact, the majority weigh against transfer. With BASF's strong connections to its major polyacrylamide customers in this forum, the lack of convenience to any testifying non-party witnesses or foreign-based witnesses in the Southern District of Georgia, and the Court's substantial familiarity with patent infringement actions, there is no reason, much less a clear one, to transfer this case to the Southern District of Georgia. Defendants' inexplicable failure to file this Motion months ago, after the Court and the parties have already invested significant time and resources into litigating this case, is also fatal to their Motion. Accordingly, Defendants' Motion must be denied.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

BASF filed its Complaint on September 23, 2014 alleging infringement of U.S. Patent No. 5,633,329 (the "'329 patent") by SNF Holding, Flopam, Chemtall, SNF France, and SNF (China) Flocculant Co., Ltd. ("SNF China").[1]  Dkt. No. 1.  SNF Holding, Flopam, Chemtall, and SNF France filed an Answer to the Complaint on December 16, 2014, after the Court granted their request for a 60-day extension.  Dkt. No. 14.  No other responsive pleadings were filed at that time.

## III.   FACTUAL BACKGROUND

BASF incorporates by reference the Factual Background section set forth in its concurrently filed Opposition to Defendants' Motion to Dismiss.

## IV.   STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

The sole issues to be decided are whether Defendants have proven: (1) that the Southern District of Georgia (the proposed transferee forum) is a venue in which this action could have originally been filed, and (2) the Southern District of Georgia is clearly the more convenient district warranting transfer under 28 U.S.C. § 1404(a).

## V.   ARGUMENT

### A.   The Relevant Legal Standards Impose a Heavy Burden on Defendants to Show Transfer Is Clearly Warranted.

Section 1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  Under section 1404(a), courts first determine if the moving party has shown that the claim could have been filed in the judicial district to which transfer is

---

[1] SNF China is the only party that has not been served with the Complaint at this time, but BASF has taken all necessary steps to perfect service in China and is awaiting notification from the Ministry of Justice to confirm that the Complaint has been served.  Declaration of Robert Riddle ("Riddle Decl.") ¶ 2, submitted herewith.

sought.  *See In re Volkswagen AG*, 317 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  If and

only if the moving party meets that requirement, it must then show "good cause" for the transfer.

*See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

This "good cause" requirement imposes a heavy burden on the moving party to "***clearly***

***demonstrate*** that a transfer is for the convenience of the parties and witnesses in the interests of

justice."  *Id.* (emphasis added).  "When the transferee forum is ***no more convenient*** than the

chosen forum, the plaintiff's choice should not be disturbed."  *Id.* (emphasis added).  Put another

way, unless the transferee venue is "***clearly more convenient*** than the venue chosen by the

plaintiff, the plaintiff's choice should be respected."  *Id.* (emphasis added).  A court should not

transfer a case "if the only practical effect is to shift inconvenience from the moving party to the

nonmoving party."  *Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 776 (S.D.

Tex. 2005) (quotation marks and citation omitted).

　　　　Defendants seek to make much of the fact that BASF brought suit in this district even

though BASF is incorporated in Delaware and has its principal place of business in New Jersey.

*See* Dkt. No. 37-1 at 2.  But BASF's decision to proceed in this district was not arbitrary.  To the

contrary, the Southern District of Texas has a strong connection to this litigation.  Houston is

home to many of BASF's major polyacrylamide customers, particularly its oil and gas

customers.  Smith Decl.[2] ¶ 5.  BASF based its domestic Global Oilfield Solutions business in

Houston to better serve these customers.  *Id.*  In fact, BASF's employs approximately 1,450

individuals in this judicial district alone.  *Id.* ¶ 3.  With BASF's strong business presence in this

forum and this forum's substantial connection to this suit, BASF's selection of this forum should

---

[2] "Smith Decl." refers to the Declaration of Justine D. Smith, submitted herewith.

not be disregarded.  *See, e.g.*, *Casana Furniture Co. Ltd. v. Coaster Co. of Am.*, No. 08-cv-00774, 2009 WL 783399, at *3 (M.D.N.C. 2009).

To determine whether the Southern District of Georgia is clearly more convenient—not just as convenient, equally convenient, or somewhat more convenient—courts consider the private and public interest factors enunciated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).  The private interest factors include:  "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case, easy, expeditious, and inexpensive."  *Volkswagen I*, 371 F.3d at 203.  The public interest factors are:  "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Volkswagen II*, 545 F.3d at 315.  These factors are not necessarily exhaustive or exclusive, and none are of dispositive weight.  *Id.*

**B.      Defendants Fail to Meet the Threshold Requirement for Application of Section 1404(a).**

Defendants gloss over whether this case could have been brought in the Southern District of Georgia because they cannot meet this threshold requirement.  Before weighing the relevant convenience factors, section 1404(a) requires parties seeking venue transfer to establish that the proposed venue is one in which the case could have been filed.  *See Volkswagen I*, 371 F.3d at 203.  The "critical time" when making this threshold inquiry is the time when the lawsuit was filed.  *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when the suit was instituted.").  Here, Defendants must show that the

Southern District of Georgia had jurisdiction over **all Defendants** when this lawsuit was filed. According to Defendants' own evidence and argument, however, the Southern District of Georgia does not have jurisdiction over Flopam or SNF France.[3] For this reason alone, Defendants' Motion fails.

Defendants contend that neither Flopam nor SNF France reside in Georgia. They aver that Flopam is a corporation organized under the laws of Delaware with a place of business in Plaquemine, Louisiana (Dkt. No. 14 ¶ 10), and that SNF France is a company organized and existing under the laws of France and has its principal place of business in France (Dkt. No. 38-2 ¶ 4). Defendants note that Flopam manufactures polyacrylamide products using the accused process "at its sole plant in Plaquemine, Louisiana," and that "Flopam itself does not, as part of its business, sell, or market its polyacrylamide products allegedly made by use of the patented process directly to end-use customers." Dkt. No. 37-4 ¶¶ 6-7. Similarly, Defendants take pains in alleging that "SNF France is never the importer of record for U.S.-bound shipments of polyacrylamide products allegedly made by use of the patented process." *Id.* ¶ 12. And they carefully note that "Flopam and SNF France, while joining in th[e] transfer motion, *reserve all of their rights to seek dismissal for lack of personal jurisdiction*." Dkt. No. 37-1 at 1 n.1 (emphasis added).

Having created a significant problem by seeking to diminish Flopam and SNF France's contacts with any forum outside of those in which they reside, Defendants try to fix it by providing their after-the-fact, conditional "consent" to jurisdiction in Georgia. Dkt. No. 37-1 at 7-8. But Defendants cannot skirt the threshold inquiry for transfer through manufactured consent. The Supreme Court established that under section 1404(a), it is "immaterial [to the

---

[3] Defendants do not even try to show that the Southern District of Georgia could exercise jurisdiction over SNF China.

transfer analysis] that the defendant subsequently makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum." *Hoffman*, 363 U.S. at 344; *see also Heinrichs v. Nova Biomedical Corp.*, No. 14-cv-00002, 2014 WL 2611825, at *3 (S.D. Tex. June 11, 2014) (finding waiver of jurisdictional defects irrelevant under section 1404(a)); *Locked & Loaded Prods., Inc. v. Kinedyne Corp.*, No. 10-cv-00484, slip op. at 5-6 (E.D. Tex. Aug. 10, 2011) (declining to rely upon Defendants' consent to personal jurisdiction to satisfy section 1404(a)). Thus, the Court should reject Defendants' tactics to manipulate venue through their "consent."

And even if the Court could rely on SNF France and Flopam's consent to jurisdiction in the Southern District of Georgia, it is far from clear that they have actually provided it. This so-called "consent" is conditioned on the Court's transfer of this case to that forum. Dkt. No. 37-1 at 7-8 ("The Court need not consider whether there would be jurisdiction over SNF France and Flopam in the Southern District of Georgia because both will consent to jurisdiction in the Southern District of Georgia *if this case is transferred there*.") (emphasis added). Even then, SNF France and Flopam expressly reserve the right to challenge personal jurisdiction should the case be transferred. Dkt. No. 37-1 at 1 n.1.

In sum, because Defendants have failed to meet the threshold requirement of section 1404(a), Defendants' remaining arguments cannot save their Motion. *See Geotag, Inc. v. Frontier Communications Corp.*, No. 2:10-CV-265, slip op. at 12 n. 1 (E.D. Tex. Sept. 15, 2011) (explaining that the Court need not consider the "private and public interest factors when movant did not meet threshold burden").

**C. The Private Interest Factors do Not Show that Georgia is Clearly More Convenient.**

Defendants' attempt to show that the Southern District of Georgia is more convenient than this forum falls woefully short of the "clearly more convenient" standard. As shown below, the Southern District of Georgia is not clearly more convenient for all parties, non-parties, or the judicial system.

**1. The Relative Ease of Access to Documents Does Not Clearly Favor Georgia.**

**a) The Location of Documents and Other Materials Do Not Favor Georgia.**

One of Defendants' central arguments is that documents relating to infringement and damages are located in Georgia. Dkt. No. 37-1 at 10-11. But "[u]nless the documents are so voluminous that their transport is a major undertaking, the location of books and records is given little weight." *Sarmiento v. Producer's Gine of Waterproof, Inc.*, 439 F. Supp. 2d 725, 732 (S.D. Tex. 2006). Because "[t]here is no indication that the written records are voluminous," Defendants' reliance on the location of the documents alone is not a valid reason to transfer this action to Georgia. *Guajardo v. Deanda*, 690 F. Supp. 2d 539, 557 (S.D. Tex. 2010).

By providing no more than vague assertions about the location of documents, Defendants cannot show that this factor weighs in favor of transfer. *See New Century Financial, Inc. v. Oledix Technologies, LLC*, No. 13-cv-00391, 2013 WL 3245954, at *6 (S.D. Tex. June 25, 2013) (finding Defendants failed to carry burden on factor where they did not explain why documents could not be brought to Texas); *Invitrogen v. Gen. Elec. Co.*, No. 08-cv-00113, 2009 WL 331889, at *3 (E.D. Tex. Feb. 9, 2009) (finding that general statements that relevant documents were located in either England or New Jersey "fail to show that transfer would make access to sources of proof either more or less convenient for the parties"). Defendants purport to cite to

supporting declarations for their claims regarding the location of documents (Dkt. No. 37-1 at 10-11), but each such declaration is in fact **silent** about the location and subject matter of the records located in Georgia. Courts routinely reject such conclusory allegations in considering this factor. *See generally Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 12-cv-00100, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013), *mandamus denied, In re Apple Inc.*, 743 F.3d 1377 (Fed. Cir. 2014). Defendants make these vague assertions because they cannot actually show any clear inconvenience as a result of producing these documents. Indeed, they have already produced several hundred pages of documents in electronic form to BASF. Exs.[4] 1-3.

Defendants relentlessly focus on Georgia to distract the Court's attention from other sources of proof outside of Georgia, including in and near Texas, which weigh against transfer. *See, e.g.*, *Konami Dig. Entm't Co. Ltd. v. Harmonix Music Sys.*, No. 08-cv-00286, 2009 WL 781134, at *4 (E.D. Tex. Mar. 23, 2009) ("While Defendants point to [the transferee district] as the location of significant sources of proof, they ignore the remaining sources of proof which originate from other locations."). For example, Defendant SNF Holding has an affiliate, Flomin, in this district. Ex. 4. Flomin distributes, markets, and sells polyacrylamide products manufactured using the accused products in this case. Ex. 5. It is therefore reasonable to expect that relevant documents are located in this district as well. Further, the physical location of Flopam's Plaquemine plant, in which Flopam claims to manufacture polyacrylamide products using the accused process (Dkt. No. 38-4 ¶ 5), is undisputedly closer to this forum. *Compare* Ex. 6 *with* Ex. 7. Because BASF has a right to inspect the Plaquemine facility, this location of this source of proof is relevant to the analysis.

---

[4] "Exs." refers to exhibits attached to the Riddle Decl.

Similarly, many documents relating to BASF's marketing and sales of polyacrylamide products that compete with those of Defendants are located in this district. With Houston serving as the base of BASF's Global Oilfield Solutions business in the United States, documents relating to the polyacrylamide market, BASF's sales in the market, and its competitors in the market are located in this district. Smith Decl. ¶¶ 5-6.

Finally, outside of Texas and Georgia, there appear to be relevant sources of proof in other locations, including France, where SNF France resides, and Germany, where the '329 patent inventors reside. *See Summit 6 LLC v. HTC Corp.*, No. 14-cv-00014, 2014 WL 4449821, at *7 (N.D. Tex. Sept. 10, 2014) (collecting cases and holding that "where the sources of proof originate from varied locations . . . this factor is neutral."); *see also In re Google, Inc.*, 412 Fed. App'x 295, 296 (Fed. Cir. 2011) ("Where [defendants] are in different states there is no choice of forum that will avoid imposing inconvenience[.]").

As such, this factor does not favor transfer.

> ## 2. Neither the Availability of Compulsory Process Nor Witness Convenience Factors Favor Transfer.

While the availability of compulsory process of unwilling witnesses and the cost of the attendance of willing witnesses is an important factor in the transfer analysis, the linchpin of this inquiry focuses on the location of unwilling ***non-party*** witnesses, not party witnesses, who would testify at trial. *See, e.g.*, *Royal Purple, LLC v. Ward*, No. 13-cv-03271, 2014 WL 527900, at *3 (S.D. Tex. Feb. 7, 2014); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994) ("It is the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight."). Here, Defendants identify no unwilling non-party witnesses outside of this district

who would need to testify at trial.[5]  Instead, they identify potential party witnesses, but fail to

mention whether Defendants intend to call on those witnesses at trial.  Dkt. No. 37-1 at 14.

"[M]ovants for transfer must specifically identify key witnesses and outline the substance of

their testimony."  *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993).

Nevertheless, the convenience of a party's employees is entitled to less weight because the

employer can require them to appear at trial.  *Royal Purple*, 2014 WL 527900, at *3.  Thus,

Defendants have made no showing that this factor favors transfer.

        Rather, Defendants completely ignore facts that weigh against transfer—namely, the

inconvenience to BASF's potential witnesses if this case is transferred to Georgia.  Given that

BASF's domestic Oilfield Solutions business is based in Houston, BASF has many employees in

Houston with knowledge regarding the polyacrylamide market relevant to its damages claims.

Smith Decl. ¶ 6.  BASF has already identified one such employee—John Rutledge—as one

whose testimony it intends to rely upon in support of its case.  *Id.*; Ex. 8 at 3.  Further, the expert

retained by Defendants in support of their IPR petition against the '329 patent resides in Texas.

Ex. 9.  BASF expects Defendants will rely on his testimony in this proceeding as well.

        Similarly, due to the proximity of the Houston International Airport, there can be no

legitimate dispute that this district would be more convenient for travel by Defendants' France-

based employees and BASF SE's Germany-based inventors.  *See generally Llizo v. City of

Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214-15 (D. Kan. 2012) (declining to transfer and noting

that "Kansas City, in all likelihood, is far more convenient for out-of-state witnesses in light of

the proximity of Kansas City International Airport to the Kansas City courthouse").  In contrast,

---

[5] The inventors of the '329 patent are made up of current and former BASF SE employees, all of whom reside in Germany.  The current and former BASF SE employees have represented their willingness to testify at trial in this district.  Riddle Decl. ¶ 3.

the closest international airport to the Southern District of Georgia is in Atlanta, hundreds of miles away from the Savannah courthouse. Ex. 10. Defendants offer no reason why such an inconvenience should be disregarded.

Thus, this factor does not favor transfer.

### 3. All Other Practical Issues That Make Trial Easy, Expeditious, and Inexpensive Weigh Against Transfer.

#### a) Defendants' Delay in Seeking Transfer Weighs Against Transfer.

Practical problems include issues of judicial economy, and the Fifth Circuit has emphasized that a party should not delay filing of a motion to transfer, requiring that "[p]arties seeking a change of venue should act with 'reasonable promptness.'" *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). "Without reasonable promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer." *In re Wyeth*, 406 Fed. App'x 475, 477 (Fed. Cir. 2010) (applying Fifth Circuit law). "Timely motions to transfer venue '[s]hould be [given] a top priority in the handling of [a case],' and 'are to be decided based on 'the situation which existed when suit was instituted.'" *N5 Techs., LLC v. Bank of Am., N.A.*, No. 12-cv-00685, 2014 WL 558762, at *2 (E.D. Tex. Feb. 10, 2014) (citations omitted); *see also Hibbard v. Target Corp.*, No. 13-cv-00344, 2013 WL 4677831, at *1 (S.D. Tex. Aug. 30, 2013) (noting that courts have found months-long delay in filing transfer motion weighed against transfer).

Defendants were not reasonably prompt. BASF filed this suit over seven months ago. Defendants then successfully moved for a 60-day stay to Answer. Dkt. No. 8. As part of their requested extension filed October 13, 2014, Defendants represented that 60 days was "a reasonable amount of time" to investigate "the jurisdictional and venue-related allegations" raised in the Complaint. *Id.* at 3-4. While they alleged improper venue in their answer filed

December 2014 (Dkt. No. 14 ¶ 36), Defendants nevertheless waited *five months after answering* to file a motion to transfer.

Since filing their answer, the Court and the parties have already expended considerable time and effort into litigating in this forum. The Court has set a schedule in this case and calendared October 2015 for a *Markman* hearing (Dkt. No. 29), and Defendants make no showing that such a schedule would be adopted by the Southern District of Georgia, which has not even tried a patent case in the last seven years. Ex. 11. Indeed, the numerous events in this case that have occurred since Defendants filed their Answer highlight their unreasonable delay in seeking transfer:

- The parties filed a Joint Discovery and Case Management Report on January 13, 2015 (Dkt. No. 27);

- BASF served its initial document requests on Defendants on January 13, 2015, in response to which Defendants recently began producing documents;

- Defendants moved for a stay pending *inter partes* review on January 22, 2015 (Dkt. No. 28);

- The Court conducted a scheduling conference on January 23, 2015. Ex. 12 at 15:13-16;

- The Court entered a Patent Scheduling Order on January 26, 2015, setting a *Markman* hearing for this October (Dkt. No. 29);

- The Court denied without prejudice Defendants' request for a stay pending *inter partes* review on March 6, 2015 (Dkt. No. 35);

- BASF served its Preliminary Infringement Contentions on March 27, 2015; and

- The parties negotiated an Agreed Protective Order which was subsequently entered on April 16, 2015 (Dkt. No. 38).

Defendants do not attempt to explain why they waited so long to file their Motion, even after a warning from the Court. During the January 23, 2015 Scheduling Conference, the Court repeatedly invited Defendants "to get" their Motion "on file," and noted that the "case is already

old." Ex. 12 at 7:4-5; 7:8-10; 12:1-4; 15:13-16. Defendants declined to do so, and instead waited to file their Motion *after* BASF filed its Preliminary Infringement Contentions and served discovery requests. Defendants untimely Motion only adds further delay in adjudicating BASF's claims. *See, e.g.*, *N5 Techs.*, 2014 WL 558762, at *5.

Accordingly, this factor weighs against transfer.

### b) This District Is More Experienced In Patent Litigation.

The Southern District of Texas is experienced in handling patent cases and has implemented local patent rules helping the parties streamline preparation for trial. *See* General Order No. 2007-16, dated December 10, 2007. In contrast, there is no record of any patent trials in the Southern District of Georgia over the last seven years[6] (Ex. 11) and that district has not adopted local patent rules (Ex. 13). Without these rules and procedures, readying this case for trial will be more difficult, time-consuming, and expensive in the Southern District of Georgia than in this one. *See, e.g.*, *EMG Tech., LLC v. Microsoft Corp.*, No. 09-cv-00367, 2010 WL 3835768, at *5 (E.D. Tex. Sept. 28, 2010).

As such, this factor also weighs against transfer.

### D. The Public Interest Factors do Not Show that Georgia is Clearly More Convenient.

### 1. Administrative difficulties flowing from court congestion favor Texas.

"When a plaintiff chooses a forum for purposes of fostering speedy and inexpensive litigation, this factor's weight should not be diminished in the overall balance." *Cobalt Boats, LLC v. Sea Ray Boats, Inc. & Brunswick Corp.*, No. 15-cv-00021 (E.D. Va. Apr. 16, 2015); *see also* Fed. R. Civ. P. 1 (stating that civil actions should be administered to foster the "just, speedy,

---

[6] In the same time frame, the Southern District of Texas has handled over 300 patent cases, including 12 bench and jury trials. Ex. 14.

and inexpensive determination of every action and proceeding"). Defendants trot out statistics that suggest both this district and the Southern District of Georgia have similar time-to-trial from case filing. Dkt. No. 37-1 at 16. Courts generally disregard such statistics, with one such court noting that "because these statistics do not parse out the various types of cases that could be brought in federal court, they can be relatively meaningless." *See, e.g.*, *Unomedical A/S v. Smiths Med. MD, Inc.*, No. 09-cv-04375, 2010 WL 2680144, at *4 (N.D. Ill. June 30, 2010). Here, Defendants present statistics for civil cases generally, not patent cases. And no time-to-trial statistics for patent cases in the Southern District of Georgia exist because a patent case has not been tried there in at least seven years. Ex. 11.

Moreover, districts adopting local patent rules do so "to manage patent cases swiftly and efficiently." *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795 (E.D. Tex. 2006). As noted, unlike this district, the Southern District of Georgia does not have local patent rules. Ex. 13.

Accordingly, this factor weighs against transfer.

### 2. This District's Local Interests Counsels Against Transfer.

Residents of the Southern District of Texas have a greater interest in this dispute than those in the Southern District of Georgia. Polyacrylamide markets, like the oil and gas market based in this area, will be affected by a result here. Moreover, BASF's strong business presence in this district provides another reason for keeping the case in this forum. *See Invitrogen Corp. v. General Elec. Co.,* 2009 WL 331889, at *4 (E.D. Tex. Feb. 9, 2009) ("[W]here a forum has identifiable connections to the events giving rise to the suit, this factor may support litigating the case in that forum.").

This factor also weighs against transfer.

**VI.  CONCLUSION**

For the foregoing reasons, BASF respectfully requests that Defendants' Motion to

Transfer Venue to the Southern District of Georgia Pursuant to 28 U.S.C. § 1404 be denied.


Dated: May 12, 2015

<div style="margin-left: 50%;">

*/s/ Robert Riddle*
Robert Riddle (attorney-in-charge)
Texas Bar No. 24035495
S.D. Tex. No. 1553007
Reed Smith, LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
RRiddle@reedsmith.com
Telephone: +1 713 469 3800
Facsimile: +1 713 469 3899

Scott D. Baker (Of Counsel)
California Bar No. 84923
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
sbaker@reedsmith.com
Telephone: +1 415 543 8700

*Counsel for Plaintiff BASF Corporation*

</div>

**CERTIFICATE OF SERVICE**

I certify that the above document was served via email or the Court's CM/ECF system to all counsel of record on May 12, 2015.

*/s/ Robert Riddle*
Robert Riddle