# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SNF HOLDING COMPANY, ET AL.,<br><br>Defendants. | Civil Action No.: 4:14-cv-02733<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS SNF HOLDING COMPANY, FLOPAM INC.,
CHEMTALL INCORPORATED, AND SNF SAS'S
AMENDED ANSWER TO BASF CORPORATION'S COMPLAINT**

Defendants SNF Holding Company ("SNF Holding"), Flopam Inc. ("Flopam"), Chemtall Incorporated ("Chemtall"), and SNF SAS ("SNF France") (collectively "Defendants") hereby submit this amended answer to Plaintiff BASF Corporation's ("Plaintiff") Complaint as follows:

## INTRODUCTION

1. Defendants are without sufficient information to admit or deny the allegations of paragraph 1, and on that basis, Defendants deny all allegations therein.

2. Defendants admit that U.S. Patent No. 5,633,329 ("the '329 patent") is the patent-in-suit and thus relevant to the present lawsuit, but deny that the '329 patent protects an important innovation for more efficiently manufacturing polymers, such as polyacrylamide,

1

using a reactor with a conical taper. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 2, and on that basis, deny the same.

3. Defendants admit that polyacrylamides are used in applications including water treatment, mining, agriculture, and oil/gas recovery. Defendants also admit that polyacrylamides have a wide range of applications in the oil and gas industry ranging from drilling muds to enhanced oil recovery (EOR) operations. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 3, and on that basis, deny the same.

4. Defendants admit that Flopam opened a manufacturing facility in Plaquemine, Louisiana, but deny that it was first opened in 2013. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 4, and on that basis, deny the same.

5. Defendants deny the allegations of paragraph 5 as phrased.

6. Defendants deny the allegations of paragraph 6 as phrased.

7. Defendants admit that Chemtall, Flopam and SNF France manufacture polymer products in Riceboro, Georgia, Plaquemine, Louisiana and Andrezieux, France, respectively. Defendants also admit that BASF brought this lawsuit claiming that Defendants' manufacturing process is unauthorized. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 7, and on that basis, deny the same.

## **THE PARTIES**

8. Defendants are without sufficient information to admit or deny the allegations of paragraph 8, and on that basis, deny all allegations therein.

9. SNF Holding denies the allegations of paragraph 9 to the extent it alleges or implies that SNF Holding is a manufacturer of water-soluble polymers. SNF Holding is a holding company that owns subsidiaries which manufacture polymers but SNF Holding does not manufacture polymers itself. SNF Holding admits the remaining allegations of paragraph 9.

10. Flopam admits that it is a corporation organized under the laws of Delaware with a place of business in Plaquemine, Louisiana. Flopam admits that it is authorized to do business in Texas and has appointed National Registered Agents, Inc. as its agent for service of process. Flopam also admits that it is a wholly owned subsidiary of SNF Holding Company. Flopam denies the remaining allegations of paragraph 10.

11. Chemtall admits the allegations of paragraph 11.

12. SNF France admits the allegations of paragraph 12.

13. Defendants are without sufficient information to admit or deny the allegations of paragraph 13, and on that basis, deny all allegations therein.[1]

## JURISDICTION AND VENUE

14. Defendants admit that Plaintiff purports to state a civil claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.* Defendants admit that this Court has subject matter jurisdiction over claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15. Defendants deny the allegations made in paragraph 15.

16. Defendants deny the allegations made in paragraph 16.

---

[1] SNF (China) Flocculant Co., Ltd. ("SNF China"), the final named defendant in this case, has yet to be served in this case, and thus is not responding to Plaintiff's Complaint herein. If served, SNF China will respond to Plaintiff's Complaint at that time.

# PATENT INFRINGEMENT

17. Defendants incorporate by reference, as fully set forth herein, its responses to paragraphs 1-16 as if fully stated herein.

18. Defendants admit that the '329 patent is entitled "Preparation of High Molecular Weight Polymers," and appears to have been issued on May 27, 1997 and is attached as Exhibit A to the Complaint. As to the remaining allegations of paragraph 18, Defendants are without sufficient information to admit or deny, and on that basis, Defendants deny the same.

19. Defendants admit that paragraph 19 appears to correctly recite claim 1 of the '329 patent. Defendants deny the remaining allegations made against them in paragraph 19.

20. Defendants SNF Holding, Chemtall and Flopam deny the allegations made against them in paragraph 20.

21. Defendant SNF France denies the allegations made against it in paragraph 21.

22. Defendant Chemtall denies the allegations made against it in paragraph 22.

23. Defendant SNF Holding denies the allegations made against it in paragraph 23.

24. Defendant SNF Holding admits that it gained knowledge of the '329 patent with the filing of Plaintiff's Complaint, but denies the remaining allegations made against it in paragraph 24.

25. Defendants deny the allegations made against them in paragraph 25.

26. Defendants deny the allegations made against them in paragraph 26.

27. Defendants admit that they gained knowledge of the '329 patent with the filing of Plaintiff's Complaint, but deny the remaining allegations made against them in paragraph 27.

28. Defendants deny the allegations made against them in paragraph 28.

**PRAYER FOR RELIEF**

29.     Defendants deny that Plaintiff is entitled to any of the relief sought in its prayer or any relief whatsoever.

**DEFENSES**

Defendants plead the following as affirmative and other defenses to the Complaint. In asserting such defenses, Defendants do not concede that they bear the burden of proof as to any of them. Discovery has yet to begin, and therefore Defendants have not yet fully collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Defendants reserve the right to amend, modify or expand these defenses, including but not limited to those defenses revealed during discovery.

**First Defense – Failure to State a Claim**

30.     Plaintiff fails to state a claim against Defendants upon which relief can be granted.

**Second Defense – Non-Infringement**

31.     Defendants have not infringed, and do not currently infringe, directly or under the doctrine of equivalents, willfully, jointly, or otherwise, or contribute to the infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, the '329 patent.

### Third Defense – Invalidity

32. The claims of the '329 patent are invalid because they fail to satisfy one or more of the requirements of patentability specified in 35 U.S.C. § 1, *et seq.*, including but not limited to, 35 U.S.C. §§ 102, 103 and 112, and also obviousness-type double patenting.

### Fourth Defense – Laches and Estoppel

33. Plaintiff's attempted enforcement of the '329 patent against Defendants is barred by the doctrines of laches and/or estoppel. Plaintiff's affirmative misconduct includes Plaintiff unreasonably delaying the filing of this action or contacting Defendants with knowledge of Defendants' alleged infringement and Plaintiff's own activities. To allow Plaintiff to bring this action now after its unreasonable delay would result in material prejudice to Defendants.

### Fifth Defense – Limitations of Damages

34. Plaintiff's claims for relief are barred, at least in part, by one or more of 35 U.S.C. §§ 286 and 287.

### Sixth Defense – Adequate Remedy at Law

35. Plaintiff is not entitled to any injunctive relief because given the '329 patent's expiration date any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### Seventh Defense – Improper Venue and Jurisdiction

36. This Court does not have personal jurisdiction over Defendants in this case and because of it venue is not proper in this Court. This Court is also not the most appropriate or convenient forum to exercise jurisdiction over this case.

### Eighth Defense – Inequitable Conduct

37. Plaintiff's allegations of infringement of the '329 patent are barred because the '329 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

38. Each claim of the '329 patent is unenforceable by reason of the failure of the named inventors to comply with their duty of candor in dealing with the U.S. Patent and Trademark Office ("PTO").

39. This inequitable conduct includes material misrepresentations to the PTO and the failure to disclose information material to patentability.

40. During the prosecution of the patent application that issued as the '329 patent, Plaintiff and the named inventors, Messrs. Hahnle, Neufield, Schornick, Minges, Anstock, Topsach, and Krauss, (a) misrepresented to the PTO what they actually did and the characteristics of their alleged claimed invention they observed, in order to distinguish each claim over the prior art; (b) misrepresented the teachings of the prior art, including German prior art DE-B-1218157 (which corresponds to GB 1,054,028 ("GB '028"), the English language version); and (c) concealed the existence of prior art and misrepresented that concealed art in order to deceive the Examiner into issuing the '329 patent.

41. These acts were apparently, on information and belief, committed with the intent to deceive the PTO.

42. At the time of the alleged conception of the invention claimed in the '329 patent, a substantial body of prior art existed in the polymerization process and reactor field.

43. Among the prior art was GB '028, which discloses a conically-tapered tubular reactor and use of injection of inert gas to remove a gelatinous reaction mixture.

44. Knowing this, however, Plaintiff withheld this material information from the Examiner and, instead, (a) submitted a foreign language copy of GB '028 (i.e., German DE-B-1218157) to the PTO, and (b) mischaracterized the actual disclosure of that German language prior art as disclosing a "cylindrical" reactor using a "piston." *See* '329 specification, col. 1, lines 14-22.

45. The native language of the named inventors is German, so they were well aware that DE-B-1218157 disclosed much more than a cylindrical reactor using a piston to discharge polymer gel and, in fact, disclosed using inert gas at elevated pressure to discharge the same polymers from the same conical reactor configuration claimed in the '329 patent.

46. Had the Examiner been in possession of an English-language disclosure, the '329 patent would not have issued, as it renders the claims of the '329 patent invalid, either alone or together with other art of record.

47. Furthermore, on information and belief, Plaintiff and named inventor Mr. Eckhard Neufield were well aware of a prior patent application, i.e., U.S. Patent Application No. 285,120 ("the 120 application"), naming Mr. Neufield as an inventor. He also is one of the inventors of the '329 patent. Plaintiff and Mr. Neufield, however, concealed the existence of the '120 application from the PTO. This concealment was apparently committed with the intent to deceive the PTO. Had the Examiner been in possession of the '120 application, the '329 patent would not have issued, as it renders the Asserted Claims invalid under 35 U.S.C. § 103 and also obviousness-type double patenting.

48. In addition, the specification of the '329 patent describes certain results "found" by the named inventors. *See* '329 specification, col. 2, line 8 ("We have found that this object is achieved by a process … if the tubular reactor" has certain dimensions as claimed).

49. The specification of '329 patent was phrased in such a way – including the use of the past tense – to lead a reasonable Examiner to believe that experiments were actually performed, and that results with these specific reactor dimensions were obtained.

50. Despite telling the Examiner that results were obtained, on information and belief, the named inventors failed to conduct any actual experiments consistent with the purported findings claimed by them.

51. For example, the named inventors stated that they had found that this object ["an improved process for preparing …. polymer gel"] is achieved "if the tubular reactor has a conical taper" with an angle > 45° and < 90° and a diameter D1 to D2 from 2:1 to 25:1.

52. These statements, however, misled the Examiner into believing that they performed an experiment, that they had actually observed improvement at these end points, and that such a finding was unexpected in light of the prior art.

53. Upon information and belief, the named inventors never observed such improvement as a result of the claimed device.

54. The specification of the '329 patent provides results using only a single reactor configuration (as disclosed in Example 1) having a taper angle of 80° and D1:D2=3.2.

55. All examples discussed in the '329 specification use this same reactor, and use elevated pressures of at least 3-5 bar for preparing and discharging a variety of different polymers.

56. No evidence whatsoever is provided that the named inventors ever conducted any experiments, or "found" any results, using the dimensions, angles, and pressures actually recited in the claims of the '329 patent.

57. This withheld information was concealed by the misleading statement "we have found," and would have been material information to the patentability of the claims of the '329 patent, which recite precisely the same dimensions as the misleading statement.

58. Thus, the named inventors falsely represented to the PTO that they "found" an "improved" process and results, in order to distinguish the claimed invention from the prior art, including DE-B-121857, which would have presented a substantial obstacle to the issuance of the '329 patent if the purported inventors had not misrepresented their alleged findings and/or the actual disclosures of the foreign language document.

59. As such, upon information and belief, the named inventors of the '329 patent, and/or others involved in the prosecution of the '329 patent, committed inequitable conduct, and the '329 patent is therefore unenforceable.

## JURY DEMAND

60. Defendants hereby demand trial by jury on all issues.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request the following relief:

A. That Plaintiff's Complaint is dismissed with prejudice, and that Plaintiff takes nothing by way of its Complaint;

B. That Plaintiff is not entitled to any of its requested relief, or any relief whatsoever;

C. That Defendants be awarded their costs and disbursements in this action;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Defendants be awarded their reasonable attorneys' fees and costs in this action; and

E. That Defendants be granted such other and further relief as this Court deems just and proper.

Dated: May 14, 2015                            Respectfully submitted,

By: */s/ Charles J. Monterio, Jr.*
    Charles W. Saber
    James W. Brady, Jr.
    Charles J. Monterio, Jr.
    DICKSTEIN SHAPIRO LLP
    1825 Eye Street, NW
    Washington, DC 20006
    Telephone:   (202) 420-2200
    Facsimile:   (202) 420-2201
    saberc@dicksteinshapiro.com
    bradyj@dicksteinshapiro.com
    monterioc@dicksteinshapiro.com

    Danny L. Williams
    WILLIAMS MORGAN P.C.
    10333 Richmond Avenue, Suite 1100
    Houston, TX 77042
    Telephone:   (713) 934-7000

    G. David Fensterheim
    FENSTERHEIM & BEAN, PC
    Suite 700, 1250 Connecticut Ave., NW
    Washington, D.C. 20036
    202-841-7500
    david@fensterheimandbean.com

    *Counsel for Defendants SNF Holding Company, Flopam Inc., Chemtall Inc., and SNF SAS*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 14th day of May, 2015. Any other counsel of record will be served by first class mail.

*/s/ Charles J. Monterio, Jr.*
Charles J. Monterio, Jr.
