**United States District Court**
**Southern District of Texas**

| | |
|---|---|
| **BASF Corporation**, <br><br> Plaintiff, <br><br> vs. <br><br> **SNF Holding Company,** <br> **Flopam Inc., Chemtall Inc., SNF SAS,** <br> **SNF (China) Flocculant Co., Ltd.** <br><br> Defendants. | Case No.: 14-cv-02733 <br><br> Jury Trial Demanded |

**PLAINTIFF BASF CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A) AND DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING TRANSFER**

Plaintiff BASF Corporation ("BASF") files this Opposition to Defendants SNF Holding Company ("SNF Holding"), Flopam, Inc. ("Flopam"), Chemtall Incorporated ("Chemtall"), and SNF SAS's ("SNF France") (collectively, "Moving Defendants'") Motion for Leave to File a Reply Memorandum in Support of Their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Moving Defendants' Alternative Motion for Reconsideration of This Court's Order Denying Transfer (Dkt. No. 50).

## I.    INTRODUCTION

The Court should reject Moving Defendants' latest attempts to take another bite at the apple and deny Moving Defendants' motion for reconsideration of the Court's May 22, 2015 Order denying transfer, as well as their alternately styled motion for leave to file a reply in support of their previously denied transfer motion. Moving Defendants cast their dual requests as an opportunity to provide "new evidence" in support of their failed transfer motion in the hopes of changing the Court's mind. But there is nothing new in their brief. Moving Defendants simply regurgitate their previous arguments and attempt to disguise previously available facts that they should and could have raised in their moving papers as "new evidence.". But even if this "new evidence" was the proper basis of a reply or reconsideration, which it is not, it provides no reason for the Court to depart from its Order denying transfer. Thus, Moving Defendants' motions should be summarily denied.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

BASF filed its Complaint on September 23, 2014 alleging infringement of U.S. Patent No. 5,633,329. Dkt. No. 1. Moving Defendants filed an Answer to the Complaint on December 16, 2014, after the Court granted their request for a 60-day extension (Dkt. No. 14), and filed an Amended Answer on May 14, 2015 (Dkt. No. 44). Defendant SNF (China) Flocculant Co., Ltd. ("SNF China") filed an Answer on June 10, 2015, after the Court granted its request for a 14-day

-1-

extension. Dkt. No. 53. Moving Defendants filed a Motion to Transfer Venue on April 14, 2015. Dkt. No. 37. The Court denied Moving Defendants' Motion to Transfer Venue on May 22, 2015. Dkt. No. 47. SNF China filed its own Motion to Transfer Venue on June 10, 2015, joining the arguments set forth in the transfer motion previously filed by Moving Defendants. Dkt. No. 54.

## III.    STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

The issues to be decided are whether Moving Defendants have established that (1) reconsideration of the Court's May 22, 2015 Order denying their Motion for Transfer is warranted; and (2) they are entitled to file their proposed reply brief in support of their previously denied Motion to Transfer.

## IV.    ARGUMENT

### A.    Moving Defendants Fail to Meet the High Standards for Reconsideration.

The Court already decided that Moving Defendants failed to show this action should be transferred to the Southern District of Georgia. Dkt. No. 47. Unhappy with this outcome, Moving Defendants urge the Court to reconsider this finding through a brief that largely recycles their previous arguments, mischaracterizes BASF's Opposition and the law, and presents previously available "new evidence" that they failed to include in their Motion to Transfer. As explained below, nothing in their new brief warrants reconsideration of the Court's May 22, 2015 Order.

While the Federal Rules of Civil Procedure do not expressly provide for motions for "reconsideration" of orders, such motions are routinely treated as motions to alter or amend judgment under Rule 59(e). *See Sooter v. Siemens Indus., Inc.*, No. 13-cv-01832, 2014 WL 5325111, at *2 (S.D. Tex. Oct. 17, 2014). These motions must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426

F.3d 745, 763 (5th Cir. 2005); *see also In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (reconsideration requires (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice). Motions for reconsideration can neither "be used to raise arguments which could, and should, have been made before the [order] issued," nor are they proper vehicles to re-litigate matters that have been resolved to the dissatisfaction of the movant. *Ross*, 426 F.3d at 763; *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration is an extraordinary remedy that should be used sparingly. *See Templet*, 367 F.3d at 479.

Moving Defendants fail to meet their heavy burden for such extraordinary relief, as none of the grounds for reconsideration are present here. First, there is no intervening change in controlling law. Second, there is no "newly discovered" evidence. Moving Defendants seek to present what they deem "new evidence" that purportedly establishes that the proposed transferee forum, the Southern District of Georgia, can exercise jurisdiction over Defendants Flopam and SNF France[1] as required under 28 U.S.C. § 1404(a). Notably, Moving Defendants do not contest that this evidence was available when they filed their transfer motion. They instead argue that this evidence "***became important***" because BASF Opposition established Moving Defendants' failure to provide it in their opening papers. Dkt. No. 50 at 4 (emphasis added).

As the party seeking transfer, Moving Defendants had "the *prima facie* burden to prove that both personal jurisdiction and venue are appropriate for all defendants in the transferee court" under Section 1404(a). *Cell & Network Selection, LLC v. AT&T Mobility LLC*, No. 11-

---

[1]     In their opening brief, Moving Defendants failed to show that the Southern District of Georgia had jurisdiction over Flopam and SNF France, relying instead on their purported consent to jurisdiction in the event the Court granted the transfer motion. As BASF noted in its Opposition, such consent is insufficient for purposes under Section 1404(a), and Moving Defendants cite no controlling authority to the contrary.

cv-00706, 2013 WL 1855972, at *3 (E.D. Tex. Apr. 29, 2013). They failed to meet that *prima facie* burden. BASF's Opposition pointed out that failure of proof and then went further to prove why Moving Defendants' transfer motion nevertheless failed under the private and public interest factors. They cannot now remedy their failure of proof by mischaracterizing previously available evidence that they should and could have included in their opening papers as "newly discovered evidence." Because all of the information upon which Moving Defendants' seek to present was already available to them when they filed their motion, it cannot form the basis for reconsideration. *See Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

Finally, there is no manifest injustice. Even if the Court considered their "new evidence" concerning jurisdiction over Flopam and SNF France, the record amply supports the Court's denial of the transfer motion because Moving Defendants failed to show that the Southern District of Georgia was a clearly more convenient forum. Moving Defendants' motion for reconsideration is tellingly silent on this point, with no new facts or evidence. Rather, they resort to rehashing their previous arguments and mischaracterizing the record by incorrectly claiming, for example, that BASF's "principal argument" against transfer "is that Texas is an appropriate district because the oil and gas industry is important to Texas and BASF has many Texas employees to service that market." Dkt. No. 50-2 at 2. As set forth in its Opposition, however, BASF's "principal argument" is that Moving Defendants failed to establish that the Southern District of Georgia was a clearly more convenient forum because the public and private interest factors did not favor transfer. Dkt. No. 41 at 1, 3, 7-14. Among other things, these factors included BASF's substantial business presence in this forum, the parties' sources of proof in this district, the forum's proximity to Flopam's plant and an international airport for the convenience of nonresident witnesses, the untimeliness of Moving Defendants' transfer motion,

and concerns of judicial economy.  *Id.*  Nothing in Moving Defendants' reconsideration motion shifts the balance of these factors such that they would clearly favor transfer.

The Court, exercising its broad discretion to decide transfer motions, decided that transfer was not warranted here.  *See Novartis Vaccines & Diagnostics, Inc. v. Wyeth*, No. 08-cv-00067, 2010 WL 3447806, at *3 (E.D. Tex. Aug. 30, 2010).  Armed with no more than their arguments the Court has already rejected, Moving Defendants invite the Court to reweigh the various private and public interest factors in the hopes of achieving a different result.  The Court should decline their invitation and deny Moving Defendants' motion for reconsideration.

**B.      The Court Should Not Consider Moving Defendants' Proposed Reply.**

As noted above, Moving Defendants' blatantly seek to introduce evidence that they should have presented in their transfer motion through their proposed reply.  It is well-settled that new matter is improper on reply.  *See, e.g.*, *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (W.D. Tex. 2006).  Moving Defendants had the burden of establishing personal jurisdiction over all defendants in their Motion, but failed to do so.  *Cell & Network Selection*, 2013 WL 1855972, at *3.  Accordingly, they "should not be permitted to cure by way of reply what is in fact a defective motion."  *Id.* (citing *Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991)).

To justify their failure to present the facts they could and should have set forth in their moving papers, Moving Defendants claim they did not do so because "there was no real reason for BASF to question whether the Southern District of Georgia is an appropriate court to hear this case."  Dkt. No. 50-2 at 3 n.4.  This position strains credibility.  Moving Defendants vigorously contested ***this Court's*** jurisdiction over Flopam and SNF France.  Dkt. No. 38.  As such, they could and should have contemplated that BASF would challenge the Southern District of Georgia's jurisdiction—which Moving Defendants had the burden to establish—over those

same Defendants. Moving Defendants should not be permitted to circumvent the rules on reply to remedy their own failure of proof on such clearly foreseeable issues. As such, the Court should disregard any new arguments concerning the Southern District of Georgia's jurisdiction over Flopam and SNF France, and deny Moving Defendants' request for leave to file a reply.

Even if the Court entertains Moving Defendants' proposed reply, it offers no basis to disturb the Court's denial of their transfer motion. As set forth above and in BASF's Opposition, Moving Defendants failed to show that the Southern District of Georgia is the clearly more convenient forum for this case. *See* Section IV.A. Because Moving Defendants' proposed reply fails to move the needle in favor of transfer, the Court should reject their request to reconsider the May 22, 2015 Order denying their transfer motion.

## V. CONCLUSION

For the foregoing reasons, BASF respectfully requests that the Court deny Moving Defendants' (1) Motion for Reconsideration of the Court's May 22, 2015 Order denying transfer; and (2) Motion for Leave to File a Reply in Support of their Transfer Motion.

Dated: June 18, 2015

*/s/ Robert Riddle*
Robert R. Riddle (attorney-in-charge)
Texas Bar No. 24035495
S.D. Tex. No. 1553007
REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
RRiddle@reedsmith.com
Telephone: +1 713 469 3800
Facsimile: +1 713 469 3899

Scott D. Baker (Of Counsel)
California Bar No. 84923
Kirin K. Gill (Of Counsel)
California Bar No. 259968
REED SMITH LLP

101 Second Street
Suite 1800
San Francisco, CA 94105-3659
sbaker@reedsmith.com
kgill@reedsmith.com
Telephone: +1 415 543 8700
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that the above document was served via the Court's CM/ECF system to all counsel of record on June 18, 2015.

*/s/ Robert Riddle*
Robert Riddle