IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASF CORPORATION, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 4:14-cv-02733 ) |
| SNF HOLDING COMPANY, ET AL., | ) ) ) |
| Defendants. | ) ) ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A), OR ALTERNATIVELY A MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING TRANSFER**

Defendants made its motion for leave to file its Reply because it believes the Reply contains important information for the Court to consider in making a final decision on whether to exercise its discretion to transfer this case. Motion at 1-2. The Court has the power, in its discretion, to consider Defendants' Reply, or to reconsider its prior decisions. *See Brown v. Baylor Healthcare Sys.,* H-08-0372, 2009 WL 1342933, at *2 (S.D. Tex. May 11, 2009) (noting court has power to consider motion to reconsider interlocutory order so long as motion is not unreasonably delayed); *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 568-67 (5th Cir. 2003) (finding district court did not abuse its discretion in deciding motion for reconsideration). This particularly should apply where, as in this case, the initial decision was made without the benefit of a Reply.

There is good reason that Defendants asked this Court for leave to file its Reply Memorandum. The purpose of a reply is to inform the Court about the flaws in an opposing parties' response so that the Court will have the benefit of that information when deciding the

underlying motion. Defendants' Transfer Reply in this case is no different. The Reply contradicts the mischaracterizations made by BASF in its Opposition arguing that Defendants were attempting to reserve the right to contest jurisdiction in Georgia.[1] To the contrary, the existence of Georgia jurisdiction over Flopam and SNF France (as well all the other Defendants) is clear and has never been contested by Defendants. BASF does not deny that this information is pertinent and important to whether transfer should be granted, nor does it contest any of the information presented in the Reply.

As set forth in Defendants' Motion (at 1-2), BASF had *agreed* to Defendants' extension of time to file a Reply and the parties timely followed the protocols to inform the Court of the agreed-upon extension of time. While Defendants' recognize, of course, that this Court has the discretion to decide the transfer motion without waiting for a Reply, in light of the fact that the parties had agreed on a date for the filing of a Reply, this is all the more reason that the Court should grant Defendants' motion for leave to file its Reply.[2] And upon consideration of the Reply, and the other information of record, Defendants urge that this case be transferred to the Southern District of Georgia.

---

[1] According to BASF, because certain SNF defendants (Flopam and SNF France) were contesting jurisdiction *in Texas,* there was every reason for them to believe that jurisdiction *in Georgia* over those defendants was in dispute. BASF Mem. at 5. This has no merit. W*hether there is jurisdiction over these defendants* **in Texas** *has nothing to do with whether there is jurisdiction over them* **in Georgia**. For example, Flopam challenges jurisdiction in Texas because it has no presence in Texas and sells to no Texas companies. But it has its principal place of business in Georgia. Obviously, there is jurisdiction in Georgia.

[2] It is possible that when the Court entered its Order denying transfer, it was not aware of the parties' agreement to extend the date for the Reply and might have thought that no Reply was being submitted. If that is so, it is all the more reason that the Court should consider Defendants' Reply before making a final decision on whether to transfer this case.

Dated: June 19, 2015                    Respectfully submitted,


                                        By: */s/ Danny L. Williams*
                                            Danny L. Williams, Attorney-in-Charge
                                            Texas Bar No. 21518050
                                            S.D. Tex. No. 406
                                            10333 Richmond Avenue, Suite 1100
                                            Houston, Texas 77042
                                            Telephone: (713) 934-7000
                                            Facsimile: (713) 934-7011
                                            danny@wmalaw.com

OF COUNSEL:
Christopher N. Cravey
Texas Bar No. 24034398
S.D. Tex. No. 37696
Matthew R. Rodgers
Texas Bar No. 24041802
S.D. Tex. No. 37378
**WILLIAMS MORGAN, P.C.**
10333 Richmond Avenue, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
cravey@wmalaw.com
mrodgers@wmalaw.com

                                            Charles W. Saber
                                            James W. Brady, Jr.
                                            Charles J. Monterio, Jr.
                                            DICKSTEIN SHAPIRO LLP
                                            1825 Eye Street, NW
                                            Washington, DC 20006
                                            Telephone: (202) 420-2200
                                            Facsimile: (202) 420-2201
                                            saberc@dicksteinshapiro.com
                                            bradyj@dicksteinshapiro.com
                                            monterioc@dicksteinshapiro.com

                                            G. David Fensterheim
                                            FENSTERHEIM & BEAN, PC
                                            Suite 700, 1250 Connecticut Ave., NW
                                            Washington, D.C. 20036
                                            Telephone: (202) 841-7500
                                            david@fensterheimandbean.com

                                            *Counsel for Defendants SNF Holding Company,*
                                            *Flopam Inc., Chemtall Incorporated, and SNF*
                                            *SAS*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on June 19, 2015, with a true and correct copy of this document via the Court's ECF system per LR 5.1.

                                                    */s/ Donna Ward*
                                                    Litigation Paralegal