IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASF CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 4:14-cv-02733 |
| SNF HOLDING COMPANY, ET AL., | ) ) ) |
| Defendants. | ) ) ) |

**SNF CHINA'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
TO THE SOUTHERN DISTRICT OF GEORGIA PURSUANT TO 28 U.S.C. § 1404**

Plaintiff BASF Corporation's ("BASF") response to Defendant SNF (China) Flocculant Co., Ltd.'s ("SNF China") motion to transfer is revealing for what it does *not* say. BASF does not contest that the Southern District of Georgia would have jurisdiction over all defendants, and thus, is an appropriate jurisdiction to hear this case. Likewise, it does not substantively contest that the convenience factors discussed in the remaining SNF defendants' motion to transfer (and the Reply for which those defendants have sought leave to file) show that the Southern District of Georgia is the far more convenient forum. And it does not contest the fact that SNF China (which has no offices, employees or manufacturing facilities in Texas) sells its products to *Georgia* companies, but not to any *Texas* companies.[1]

---

[1] SNF China's declaration accurately states that it has not been the importer of record of polyacrylamide products shipped to Texas. BASF does not contest this, but feigns surprise that SNF China would make this point. BASF, however, knows that whether a company is the importer is important because 35 U.S.C. § 271(g), the patent provision which BASF alleges that SNF China violated, creates liability against an importer of goods allegedly made by an infringing process, but not against the party that sells such goods to the importer. *Tec Air, Inc. v. Nippondenso Mfg. U.S.A., Inc.,* No. 91 C 4488, 1997 WL 49300, at *4 (N.D. Ill. Jan. 30, 1997); *Pfizer Inc. v. Aceto Corp.*, 853 F. Supp. 104, 105 (S.D.N.Y. 1994).

BASF's only argument on the convenience factors is that SNF China may have witnesses who reside in China (conceding, as it must, that there are no Texas witnesses). But the fact that there may be relevant witnesses who reside in China does not affect the convenience analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (noting because witnesses abroad will have to travel "a significant distance no matter where they testify," any inconvenience of foreign witnesses is discounted for transfer analysis).

Accordingly, for all the foregoing reasons, and those set forth in SNF China's motion to transfer, SNF China's motion should be granted.

Dated: June 30, 2015

Respectfully submitted,

By: */s/ Danny L. Williams*
 Danny L. Williams, Attorney-in-Charge
 Texas Bar No. 21518050
 S.D. Tex. No. 406
 10333 Richmond Avenue, Suite 1100
 Houston, Texas 77042
 Telephone: (713) 934-7000
 Facsimile: (713) 934-7011
 danny@wmalaw.com

OF COUNSEL:

Christopher N. Cravey
Texas Bar No. 24034398
S.D. Tex. No. 37696
Matthew R. Rodgers
Texas Bar No. 24041802
S.D. Tex. No. 37378
**WILLIAMS MORGAN, P.C.**
10333 Richmond Avenue, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
cravey@wmalaw.com
mrodgers@wmalaw.com

---

At most, BASF's evidence shows that, on occasion, products made by SNF China were imported through Houston <u>by someone else</u>, and does not affect the transfer analysis.

Charles W. Saber
James W. Brady, Jr.
Charles J. Monterio, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
saberc@dicksteinshapiro.com
bradyj@dicksteinshapiro.com
monterioc@dicksteinshapiro.com

G. David Fensterheim
FENSTERHEIM & BEAN, PC
Suite 700, 1250 Connecticut Ave., NW
Washington, D.C. 20036
202-841-7500
david@fensterheimandbean.com

*Counsel for Defendant SNF (China) Flocculant Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on June 30, 2015 with a true and correct copy of this document via the Court's ECF system per LR5.1.

*/s/ Donna E. Ward*
Litigation Paralegal